IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARRY RAY F.,[1]

    Plaintiff,

v.

Commissioner, Social
Security Administration,

    Defendant.

3:17-cv-01314-BR

OPINION AND ORDER

**TIM D. WILBORN**
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

    Attorney for Plaintiff

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental family members named in this case.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LISA GOLDOFTAS**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900
Seattle, WA 98104-7075
(206) 615-3858

	Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Harry Ray F. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.

For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

**ADMINISTRATIVE HISTORY**

Plaintiff filed his applications for SSI and DIB on December 30, 2011. Tr. 300-09.[2] Plaintiff alleged a disability onset date of December 15, 2011. His applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 18, 2013. Tr. 61-98. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney.

On March 28, 2014, an ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 124-30.

On October 23, 2015, the Appeals Council vacated the ALJ's decision. The Appeals Council noted Plaintiff's "Residual Functional Capacity [RFC] is not consistent with light work activity. Limiting [Plaintiff] to walking only two hours out of an eight-hour workday is not consistent with the *Dictionary of Occupational Titles* (DOT) description of light work, but is more of a semblance of sedentary work." Tr. 137. The Appeals Council also noted the ALJ's decision contained "an apparent contradiction requiring resolution . . . as to the walking and standing required in the DOT for electrical assembly and small products assembly positions and what the VE indicated such

---

[2] Citations to the official transcript of record filed by the Commissioner on January 8, 2018, are referred to as "Tr."

3 - OPINION AND ORDER

hypothetical person could perform." Tr. 138.  Finally, the Appeals Council noted apparent contradictions between the jobs of small-products assembler and eyeglass polisher and the "VE's testimony related to . . . light exertional requirement[s]." Tr. 138.  Accordingly, the Appeals Council remanded the matter to a different ALJ to "give further consideration to [Plaintiff's] maximum [RFC]," to obtain evidence from a medical expert "to clarify the nature and severity of [Plaintiff's] impairments," and to "obtain supplemental evidence from a [VE]." Tr. 139.

On August 19, 2016, an ALJ held a hearing on remand. Tr. 35-60.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a VE testified.  At the hearing Plaintiff amended his onset date to October 19, 2013.  Tr. 38. On November 3, 2016, the ALJ issued a decision on remand in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 18-28.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on June 20, 2017, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-5.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on April 29, 1964.  Tr. 300.  Plaintiff was 49 years old at the time of the first hearing and 51 years

4 - OPINION AND ORDER

old at the time of the hearing on remand. Plaintiff has a tenth-grade education. Tr. 63. Plaintiff has past relevant work experience as an industrial maintenance mechanic and conveyor mechanic. Tr. 25.

Plaintiff alleges disability due to diabetes and amputation of his right leg below the knee. Tr. 21.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 23-25.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

5 - OPINION AND ORDER

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.  **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),

416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his October 19, 2013, amended alleged onset date.  Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of "below right knee amputation" and diabetes mellitus.  Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 21.  The ALJ found Plaintiff has the RFC to perform a "range of sedentary to light work" with the following limitations:  Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; can sit for six hours in an eight-hour work day; can stand and walk for two hours in an eight-hour work day; can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; can never climb ladders or scaffolds or crawl; can push and pull "as much as he can lift and carry"; and "must be given a sit stand option[] every 30 minutes."  Tr. 21.

At Step Four the ALJ concluded Plaintiff cannot perform his past relevant work.  Tr. 25.

At Step Five the ALJ found Plaintiff can perform jobs that

9 - OPINION AND ORDER

exist in significant numbers in the national economy. Tr. 26. Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends the ALJ erred (1) when he found at Step Five that Plaintiff can perform jobs that exist in significant numbers in the national economy and (2) when he partially rejected Plaintiff's testimony.

**I. The ALJ erred at Step Five.**

The ALJ found at Step Five that Plaintiff can perform the jobs of small-parts assembler and electronics worker.

The Commissioner has the burden at Step Five to demonstrate the claimant can perform work that exists in "significant numbers" in the national economy by taking into account the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(b)(3), 42 U.S.C. § 423(d)(2)(A). The Commissioner may satisfy this burden by obtaining testimony from a VE or by reference to the Medical-Vocational Guidelines at 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").

An ALJ may rely on the Grids rather than seek VE testimony only when the Grids "completely and accurately represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The Grids "completely and accurately" represent a claimant's limitations only when the claimant retains the

10- OPINION AND ORDER

ability to perform "the full range of jobs in a given [exertional] category, *i.e.*, sedentary work, light work, or medium work." *Tackett*, 180 F.2d at 1101.

When the Grids do not completely and accurately represent a claimant's limitations, the ALJ must call on a VE and the ALJ then has an affirmative duty to determine whether the VE's testimony diverges from the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). When the VE's testimony diverges from the DOT, the ALJ must ask the VE for an explanation of the apparent conflict. *Id*. "To deviate from the DOT classification, an ALJ 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008)(quoting *Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995)). The ALJ's duty to obtain a reasonable explanation from the VE is triggered when the potential conflict between the DOT and the VE's testimony is "obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). The VE's testimony must conflict with an "essential, integral, or expected" aspect of the DOT's job requirements. *Id*.

Here the ALJ took VE testimony and also applied the Grids. Plaintiff, however, contends the ALJ applied the wrong grid rules. Specifically, the ALJ improperly "used the 'light' rules, Rule 202.11 and Rule 202.18 of the medical-vocational rules at 20

11- OPINION AND ORDER

C.F.R. Pt. 404, Subpt. P, App. 2, as a framework for adjudication." Pl.'s Brief at 6. Plaintiff asserts the ALJ's use of the light rules was improper because the ALJ assessed Plaintiff's RFC as "essentially for sedentary work. In other words, as performed with the RFC limitations the ALJ found [Plaintiff] to have, the jobs the [VE] identified are performed at the sedentary level." Pl.'s Brief at 6. Plaintiff points out that SSR 83-10 provides

> a job is in [the light] category when it requires a good deal of walking or standing -- *the primary difference between sedentary and most light jobs* . . . . Relatively few unskilled light jobs are performed in a seated position. . . . [T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time.

SSR 83-10, at *5 (emphasis added). The ALJ's evaluation of Plaintiff's RFC included limitations of standing and/or walking for only two hours in an eight-hour work day, and, therefore, according to Plaintiff, his RFC as defined by the ALJ does not satisfy the qualifications for light work. Thus, Plaintiff asserts the ALJ should have used the sedentary Medical-Vocational Rule 201.10,[3] 20 C.F.R. Part 404, Subpart P, Appendix 2, as a framework and found Plaintiff to be disabled.

Although Defendant concedes the ALJ erred when he did not

---

[3] Rule 201.10 provides when a claimant is 50-54 years old, has limited or less education, has nontransferrable skills, and is limited to sedentary work, the claimant is disabled.

12- OPINION AND ORDER

apply Rule 201.10, Defendant asserts Rule 201.10 did not require the ALJ to find Plaintiff disabled because the ALJ did not find Plaintiff to be limited to sedentary work and, therefore, he used the Grids only as a framework.

As noted, the ALJ found Plaintiff has the RFC to perform a "range of sedentary to light work" with the following relevant limitations: Plaintiff can sit for six hours in an eight-hour work day, can stand and walk for two hours in an eight-hour work day, and "must be given a sit stand option[] every 30 minutes."

At the August 19, 2016, hearing the ALJ asked the VE about a hypothetical individual who was limited to, among other things, standing and/or walking for two hours in an eight-hour workday and sitting for six hours in an eight-hour work day and who needed a sit/stand option every 30 minutes. The ALJ inquired whether there "would be any . . . jobs available [for such an individual] that the DOT classifies as light?" Tr. 54. The VE stated "[t]here would be . . . some unskilled light occupations," including small-parts assembler and electronics worker. The VE qualified his testimony by noting "both [of the] sample occupations are light which typically . . . would mean that worker would be on [his] feet more than two hours in a workday." Tr. 54. The VE, however, noted in the sample occupations that "employers are now providing tall work stools that allow a worker to stand throughout the workday." Tr. 54. The VE stated he had

13- OPINION AND ORDER

"actually performed either on-site job analysis or ergonomic evaluations where I've been on site," and his testimony regarding stools was based on his experience. The VE also stated: "Certainly not all employers . . . in these two sample occupations" provide stools, and, therefore, the VE estimated a 20-25 percent "job erosion." Tr. 55. The VE further stated his testimony was consistent with the DOT "other than when [the ALJ] asked [the VE] to provide . . . testimony regarding how the two sample occupations would comport with the limitation of being on your feet for no more than two hours in a workday." Tr. 57. Finally, Plaintiff's attorney asked the VE whether the hypothetical that the ALJ posed to the VE "[i]s more consistent with a sedentary RFC or light RFC," and the VE testified the hypothetical was "more consistent with [a] sedentary . . . RFC." Tr. 58.

The ALJ stated in his opinion that he "determined . . . the [VE's] testimony is consistent with the information contained in the [DOT]. . . . The [VE] testified . . . [i]n [the] sample occupations . . . over the years, employers are now providing tall work stools, which allow workers to stand *or sit* throughout the workday." Tr. 27 (emphasis added). Thus, the ALJ found the VE had concluded Plaintiff could perform these sample occupations even though the DOT defines them as "light" occupations that require standing for more than two hours every workday.

14- OPINION AND ORDER

Plaintiff, however, asserts the ALJ did not accurately describe or understand the VE's testimony. The VE stated many employers are providing tall work stools so employees can "stand throughout the workday," but he did not testify *all* employers are providing tall work stools so employees can sit or stand throughout the workday. Tr. 54. As noted, in the ALJ's evaluation of Plaintiff's RFC the ALJ found Plaintiff could only stand for two hours out of an eight-hour work day. Moreover, if the VE misspoke and intended to state that the tall stools enable workers to sit and to stand throughout the day, a job in which a worker sits throughout an eight-hour workday is a job at the sedentary level. In fact, as noted, the VE explicitly testified at the hearing that Plaintiff's RFC is more consistent with a sedentary designation than a light designation.

Plaintiff also notes the ALJ appears to have failed to evaluate properly Plaintiff's age. The ALJ noted

> [i]f [Plaintiff] had the [RFC] to perform the full range of sedentary work, a finding of 'not disabled' would be directed by Medical-Vocational Rule . . . *201.19*. If [Plaintiff] had the [RFC] to perform the full range of light work, a finding of 'not disabled' would [also] be directed by Medical-Vocational Rule 202.18 and Rule 202.11.

Tr. 26 (emphasis added). Rule 201.19, however, applies to "younger individuals" (45-49). Specifically, under Rule 201.19 younger individuals who have limited or less education, have nontransferrable skills, and are limited to sedentary work are

15- OPINION AND ORDER

not deemed to be disabled. Plaintiff, however, was "approaching advanced age" (50-54) at the time of the ALJ's decision. Individuals who are approaching advanced age who have limited or less education, have nontransferrable skills, and are limited to sedentary work are deemed to be disabled under the Grids.

On this record the Court concludes the ALJ failed to establish that Plaintiff could perform any work other than sedentary work. Accordingly, the Court concludes the ALJ erred at Step Five when he found Plaintiff can perform jobs that exist in significant numbers in the national economy.

**II. The Court remands this matter for the immediate calculation and award of benefits.**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or

for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the ALJ erred at Step Five when he found Plaintiff can perform jobs that exist in significant numbers in the national economy. The Commissioner asserts this matter should be remanded for further proceedings because "the only medical opinions were those of State agency medical consultants who concluded that Plaintiff could perform light work." Def.'s Brief at 22. Plaintiff, however, notes the ALJ

17- OPINION AND ORDER

partially rejected the opinions of the state-agency physicians on the ground that Plaintiff's "subjective complaints support even greater limitation than those assessed by the State agency physicians." Tr. 25. Thus, there are not any outstanding issues that must be resolved before a determination of disability can be made. The Court, therefore, concludes this matter should not be remanded for further proceedings. *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000). *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.[4]

#### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

---

[4] Because the Court has determined this matter should be remanded for the immediate calculation and award of benefits due to the Commissioner's error at Step Five, the Court does not address Plaintiff's allegation of error related to partial rejection of his testimony.

18- OPINION AND ORDER

42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 4th day of September, 2018.

                                           Anna J. Brown
                                _____
                                ANNA J. BROWN
                                United States Senior District Judge